# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TERRA CARROLL,**

    **Plaintiff,**

**vs.**                                                            **Case No. 4:16cv755-MW/CAS**

**STATE OF FLORIDA,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Terra Carroll submitted documents to this Court indicating a desire to challenge the Florida Competency Statute. In an abundance of caution, the Clerk of Court opened a new case for Plaintiff. An Order was entered on December 14, 2016, advising Plaintiff that if she intended to proceed with this case, a proper complaint must be filed on a complaint form and Plaintiff must either pay the filing fee or file an in forma pauperis motion. ECF No. 4. Plaintiff was initially given until January 17, 2017, to comply, but subsequently, Plaintiff's motion requesting an extension of time, ECF No. 7, was granted and Plaintiff given until February 7, 2017, in which to comply. ECF No. 9.

That Order, ECF No. 9, also advised Plaintiff that release from custody was possible only through the filing of a petition for habeas corpus, not a civil rights action. Thus, Plaintiff was required to file a response to the Order clearly stating whether this case should be deemed to be a challenge to her confinement (a habeas petition) or a challenge to the conditions of her confinement (a civil rights case).[1] A response was to be filed on or before **February 7, 2017**, along with either a habeas petition or a proper civil rights complaint. ECF No. 9. Finally, Plaintiff was reminded that she must make clear the basis for her confinement at the Florida State Hospital and Plaintiff must file a copy of her resident account along with an in forma pauperis motion. *Id.*

Plaintiff has filed a motion requesting the Court waive all fees in this matter, notwithstanding that Plaintiff indicates she is not indigent. ECF No. 10. Plaintiff asserts that she cannot access her funds due to the actions of other persons. *Id.* She requests permission "to move forward in pauperis not due to her actual status as indigent but due to her forced status as indigent . . . ." *Id.* Attached to that motion is an account statement

---

[1] "A case is a civil rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964." N.D. Fla. Loc. R. 5.7(A).

Case No. 4:16cv755-MW/CAS

revealing a zero balance for September 10, 2016, through November 2, 2016, but not a six-month period of time.  *Id.*  Plaintiff's motion does not comply with the prior Orders requiring Plaintiff to demonstrate that she qualifies for in forma pauperis status and to file a signed Prisoner Consent Form.  ECF Nos. 4 and 9.  Moreover, Plaintiff did not clarify her status at Florida State Hospital or file a proper complaint or habeas petition.  This case cannot proceed without that clarity and without Plaintiff's compliance with Court Orders.

On February 8, 2017, Plaintiff filed a motion to stay this proceeding.  ECF No. 11.  Plaintiff contends that she is awaiting responses to habeas corpus petitions filed in Gadsden County and Santa Rosa County.  *Id.*  That motion should be denied.  A case is either ripe for review in federal court or it is not.  It is not appropriate to stay a federal case so that a plaintiff can pursue state court remedies.  Moreover, Plaintiff has not properly filed either a complaint or a habeas petition, nor properly requested in forma pauperis status as directed.  This case should be dismissed without prejudice such that Plaintiff can re-file the case at such time that she may either pay the filing fee for whichever type of case she desires to bring, or

file an in forma pauperis motion which is supported by the required documentation to demonstrate the motion should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's pending motions be **DENIED** and this case be **DISMISSED** without prejudice for failure to comply with Court Orders.

**IN CHAMBERS** at Tallahassee, Florida, on February 14, 2017.

   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**